# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> TERRELL DAVIS, <br>     Defendant. | Criminal Action File No.: <br> 1:18-CR-00141 |

## MOTION TO MODIFY SENTENCE

**COMES NOW**, Defendant in the above-styled action, by and through undesigned counsel, and files this Motion to Modify Sentence and shows this Honorable court as follows:

### DEFENDANT'S MOTION

Defendant moves this Court, pursuant to 18 U.S.C. § 3852(c)(1)(A)(i) to reduce the remainder of Defendant's custodial sentence to a period of supervised release on such terms that are amenable to the Court.

### ARGUMENT AND CITATION OF AUTHORITY

#### Factual Background

In 2018 Defendant was indicted on charges stemming from the importation of marijuana into the Northern District of Georgia. Defendant pled guilty in front of this Court and was sentenced to ninety-seven months of incarceration followed by

five years of supervised release on March 15, 2022. Defendant is currently scheduled to be release form the confinement portion of the sentence imposed in October of 2024.

Defendant has done well during the term of incarceration prescribed by the Court. Defendant has taken advantage of nearly every vocational opportunity available and has maintained excellent institutional conduct. Defendant realizes that this is to be expected, but reminds the Court of the number of times that this example is unfortunately not followed.

Because of this good conduct, Defendant has dropped in security classification down to housing in a transitional facility. Defendant is extremely proud of this accomplishment and grateful for the opportunity to have earned it. This placement allows Defendant much more freedom and ability to reacclimate to society. However, due to Defendant's occupation and status in society, this grace is insufficient to achieve the goals such incarceration.

Defendant is an internationally known artist and social media figure with that, at the time of incarceration had more than one million followers over several platforms. Even Defendant's stage name is a brand unto itself. An occupation such as Defendant's requires near constant community engagement to maintain its stature. Otherwise, an artist can lose their position in the artistic world. Defendant is at risk of this now.

Incarceration at the level Defendant currently enjoys is meant to aid an offender's transition back into society and provide them with an opportunity to develop a stable living situation, seek or complete educational or vocational training, provide basic transitional services, and generally ease an offenders transition into a far less regimented world. Defendant is not in need of such services. In fact, under Defendant's unique circumstance, these goals are counterproductive Defendant's transition back into society.

Defendant is in the unique, dynamic, and frequently changing field of entertainment. As such, Defendant's main source of income is derived through maintaining Defendant's artistic brand through social media, appearances on various social media platforms, performing live music at various venues, and recording and releasing new musical content. None of this is possible under the regulations Defendant is currently under. Defendant is not allowed to use any social media at all. Nor is Defendant permitted to appear on any other platforms or perform at any venues. All of this is detrimental to Defendant's prospects for success when Defendant is fully released form custody. Indeed, a performer's value is directly related to their relevance in the public. And that relevance decreases remarkably quickly over time.

## Factors to Be Considered Under 18 U.S.C. § 3553

**2. The need for the sentence imposed—**

**A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Defendant received a very significant sentence for the crimes for which convictions were entered. Defendant has now spent more than five and a half years in confinement. Defendant will spend at least the next five years under supervised release. Moreover, Defendant's prosecution and subsequent were widely publicized and likely served to widely educate the public about the dangers of engaging in such conduct.

Additionally, Defendant is not seeking to be released from the sentence completely. Merely to have it modified to better fit its purpose in its current stage. As the law is intended to be rehabilitative as well as punitive, the modification requested would promote respect for the law by having it work more efficiently toward both of these two goals for Defendant.

**B. To afford adequate deterrence to criminal conduct**

As noted above, Defendant received and is still serving a very significant and highly publicized sentence. While it is impossible to quantify the deterrence that Defendant's conviction has generated, it is safe to assume that it is above average do to the notoriety of the case. Moreover, this sentence has had a significant deterrent effect on Defendant as evidenced by the success Defendant has achieved while incarcerated.

**C. To protect the public from further crimes of the Defendant**

There were no victims of Defendants crimes. Moreover, as discussed more thoroughly below, Defendant seeks to use the requested modification to serve rather than victimize the public.

**D. To provide the defendant with needed education or vocational training, medical care, or other treatment in the most effective manner.**

The requested modification of Defendant's sentence will greatly affect this goal. As state above, Defendant is not in need of any training or assistance to transition back into society. Defendant is uniquely positioned to do so by virtue of Defendant's own talents and pre-existing business. Supervision of Defendant's activities as contemplated by the sentence imposed, rather than a ban on participating in any professional activities would be appropriate to ensure Defendant's successful transition back into society.

**3. The kinds of sentences available**

A term of supervised release is available as a sentencing option for Defendant's convictions.

**4. The kinds of sentence and the sentencing range established for—**

**the applicable category of the offense committed by the applicable category of defendant as set forth in the guidelines—**

The relief requested by Defendant falls within the kinds of sentences and the guidelines under which Defendant was sentenced.

**5. Any pertinent policy statement**

Defendant does not argue any particular policy statement.

**6. The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.**

Defendant does not argue that the sentence imposed is disparately harsh.

**7. The need to provide restitution to the victims of the offense**

There are no victims of the offenses to which Defendant pled guilty.

## CONCLUSION

Defendant wishes to use his media influence to do help others avoid the mistakes that brought him to his current situation. This is currently impossible. However, under a term of supervised release, Defendant could immediately begin such activities with the supervision of the Court. Such activities have historically made significant impacts. And this is a promise Defendant made to the Court at the time of sentencing. Any further delays would simply make such efforts less effective.

At sentencing the Court state "I accept what Mr. Davis says that. . .maybe four years so far in an awful spot has changed him." The Court was right, and Defendant has shown so through institutional conduct. Defendant wishes to show the Court

how correct a statement it made at sentencing and set about attempting to meaningfully repair and prevent any damage done by the conduct in this case.

This case is truly extraordinary in the sense that the most productive thing the Court could do to attend to the transitional needs of Defendant are to reduce Defendant's remaining incarceration to supervised release and compelling because of the nature of the good that such a modification could do.

**WHEREFORE**, Defendant prays that the Court hold a hearing on this matter at the end of which the Court **GRANTS** Defendant's motion.

This 7th day of December, 2023

Respectfully submitted,

_____
MARK J. ISSA, ESQ.
Attorney for Defendant
Georgia Bar No.:385052

66 Lenox Pointe, N.E.
Atlanta, Georgia. 30344
P: (404) 968-2600
E: mark@issalawfirm.com